UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:22-cr-645 |
| Plaintiffs, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ANDREW MILLER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Defendant Andrew Miller moves this Court to declare that Title 18, United States Code, Section 922(g)(1) violates his Second Amendment rights. (Doc. No. 31.) The government timely opposed the motion. (Doc. No. 33.) For the reasons stated herein, Miller's motion is DENIED.

**I.     Background**

On November 17, 2022, a federal grand jury in the Northern District of Ohio returned a one-count indictment charging Miller with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). (Doc. No. 3.) The Indictment identified four qualifying felony convictions: Burglary (Cuyahoga County ("Cuy. Cty.") Case No. CR-11-551841); Burglary and Intimidation (Cuy. Cty. Case No. CR-07-494096); Aggravated Robbery (Cuy. Cty. Case No. CR-07-492641); and Aggravated Robbery (Cuy. Cty. Case No. CR-07-492540). (*Id*.) The firearm at issue was a Smith & Wesson, Model M&P-15, .223 caliber rifle. (*Id*.) The serial number was obliterated. (*Id*.)

## II. Law and Analysis

### A. Motions to Dismiss

Although not explicitly stated in his motion, the declaration Miller seeks would result in a dismissal of this action. Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defendant can move to dismiss an indictment for failing to state an offense. An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). When evaluating the content of an indictment, the allegations in it are taken as true. *United States v. Palma*, 58 F.4th 246, 250 (6th Cir. 2023); *United States v. Lee*, 919 F.3d 340, 349 (6th Cir. 2019).

### B. Recent Second Amendment Jurisprudence

The Second Amendment states as follows: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

Miller's motion relies, in part, on the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Supreme Court held that the Second Amendment confers a right on "law-abiding, responsible citizens to use arms in defense of hearth and home" regardless of militia service. *Id.* at 635. Notable here, the Supreme Court also stated:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive.

*Id*. at 626-27 and n. 26.

Shortly after *Heller*, the Supreme Court issued another decision reinforcing its determination that the Second Amendment has limitations, especially where felons and non-law-abiding citizens are concerned. In *McDonald v. City of Chicago*, the Supreme Court held that the right to possess handguns for self-defense was protected by the Second Amendment. 561 U.S. 742. A plurality of the Court found that this right applies equally to the states. *Id.* at 791. And like in *Heller*, the principal opinion in *McDonald* pointedly stated that the Second Amendment did not preclude prohibitions on felons possessing firearms:

> It is important to keep in mind that *Helle*r, while striking down a law that prohibited the possession of handguns in the home, recognized that the right to keep and bear arms is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill . . . . We repeat those assurances here.

*Id.* at 786 (citations and quotations omitted).

In the years after *Heller* and *McDonald*, but before the Supreme Court's decision in *Bruen*, which will be discussed below, the Sixth Circuit similarly stated that "'prohibitions on felons in possession of firearms do not violate the Second Amendment' and 'Congress's prohibition on felons possessing firearms is constitutional.'" *United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir 2010) (quoting *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010)); *see also United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at *3 (6th Cir. 2022); *Stimmel v. Sessions*, 879 F.3d 198, 212 (6th Cir. 2018); *United States v. Swaggerty*, No. 16-6677, 2017 WL 11622737, at *1(6th Cir. 2017); *United States v. Greeno*, 679 F.3d 510, 517 (6th Cir. 2012).

In *Greeno*, the Sixth Circuit recognized that the core right of law-abiding, responsible

citizens to use arms in defense of hearth and home is not unlimited. 679 at 517 (quotation marks omitted) (quoting *Heller*, 554 U.S. at 626, 635). But because there needed to be a "sound approach" to resolving such claims, the Sixth Circuit adopted the two-prong approach used by the Third, Seventh and Tenth Circuits. *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010); *Ezell v. City of Chicago*, 651 F.3d 684, 701-03 (7th Cir. 2011); *United States v. Reese*, 627 F.3d 792, 800-01 (10th Cir. 2010).

Under the first prong, the court determined if the law at issue "burden[ed] conduct that [fell] within the scope of the Second Amendment right, as historically understood." *Greeno*, 679 F.3d at 518. If the answer was no, the analysis ended because "the regulated activity [was] categorically unprotected, and the law [was] not subject to further Second Amendment review." *Id.* at 518 (citations and quotations omitted). But if the issue was unresolved, either because history did not make it clear or if the conduct was historically understood to be subject to the right the Second Amendment sought to protect, "then there [was] a second inquiry into the strength of the government's justification for [its restriction or regulation and,] . . . appl[ying] the appropriate level of scrutiny," to determine if the government met its burden. *Id.* (citations and quotations omitted). If yes, the law was constitutional. *Id.*

Then, in 2022, the Supreme Court issued its decision in *New York States Rifle & Pistol Assoc., Inc. v. Bruen*, invalidating the state licensing scheme for carrying handguns in public places. 142 S.Ct. 2111, 2156 (2022). The Court concluded that the two-prong approach utilized by many circuits was "one[-prong] too many." *Id.* at 2127. The Court held that although the first step was consistent with *Heller*, the second step's application of means-end scrutiny was inconsistent with *Heller* and *McDonald*. *Id.* With this, the Court stated that where an individual's conduct is covered by the plain text of the Second Amendment, the "government

must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126.

Miller asserts that *Bruen* entitles him to relief from his present felon-in-possession charge. (Doc. No. 31 at PageID 90.) But Miller does not address the *Bruen* Court's statement that the Second Amendment protects the right of "ordinary, *law-abiding* citizens" to "carry a handgun for self-defense outside of the home." 142 S.Ct. at 2122 (emphasis added). Nor does Miller address that the *Bruen* Court, like the *Heller* and *McDonald* Courts, recognized that the "right secured by the Second Amendment is not unlimited." *Id.* at 2128 (citations and quotations omitted). Indeed, in *Bruen*, five Justices voiced the long-held recognition that felon-in-possession statutes remain lawful. Justice Kavanaugh, joined by Chief Justice Roberts, expressly recognized that *Heller* did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 2162 (quoting *Heller*, 544 U.S. at 626-27 and n.26) (Kavanaugh J., concurring). In dissent, Justice Breyer, joined by Justices Sotomayor and Kagan, agreed that such statutes were not in doubt. *Id.* at 2189 (Breyer J., concurring).

### C. Miller's As-Applied Challenge

The Supreme Court has plainly recognized that our Nation's "history support[s] the constitutionality of [] laws prohibiting . . . firearms . . . possession by felons and other dangerous individuals." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1540-41 (2020) (Alito J., dissenting joined by Gorsuch & Thomas, JJ.) Notwithstanding, Miller asks this Court to find that Section 922(g)(1) is unconstitutional as applied to him.

As the government has detailed in its opposition, and as the Supreme Court and Sixth Circuit have detailed in numerous opinions, restrictions on firearms possession date back to England in the 1600s. (*See* Doc. No. 33 at PageID 105-08.) The Court need not restate this

history now.  It is sufficient for present purposes that courts with precedential authority greater than this one have reviewed this history and repeatedly stated that this Nation's history supports such regulations.  *Heller*, 554 U.S. at 626-27 n. 26; *McDonald*, 561 U.S. at 786; *Greeno*, 679 F.3d at 517.

And while at least one circuit has invalidated Section 922(g)(1) on an as-applied challenge, that decision hinged on the defendant's one non-violent felony conviction.  *See Range v. AG United States*, 69 F.4th 96, 98, 104, 106 (3d Cir. 2023) (false statement to obtain food stamps not the type of prior felony that removed defendant from those citizens who maintain Second Amendment rights); *but see Vincent v. Garland*, No. 21-4121, 2023 WL 5988299, at *3 (10th Cir. Sept. 15, 2023) (federal ban on felons possessing firearms constitutional regardless of type of conviction, *i.e.*, violent versus non-violent felony).

Here, Miller has prior convictions for Burglary (Cuyahoga County ("Cuy. Cty.") Case No. CR-11-551841); Burglary and Intimidation (Cuy. Cty. Case No. CR-07-494096); Aggravated Robbery (Cuy. Cty. Case No. CR-07-492641); and Aggravated Robbery (Cuy. Cty. Case No. CR-07-492540).  (*Id*.)  All of these convictions involve some level of violence or the possibility of harm to others.

Aided by judicial opinions detailing the history of firearms regulations (including disarming those believed to be dangerous), strong indications from the Supreme Court that the felon-in-possession statute at issue here is lawful, and persuasive decisions that are consistent with *Bruen*, the Court concludes that Miller's criminal history separates him from those ordinary, law-abiding citizens who have a right to keep and bear arms.  142 S.Ct. at 2162 (felon-in-possession statutes are presumptively lawful) (Kavanaugh J., concurring joined by Roberts, C.J.); *see also Range*, 69 F.4th at 110 (Ambro, J., concurring, joined by Greenaway, Jr. &

Montgomery-Reeves, JJ.) ("I join the majority opinion with the understanding that it speaks only to [the defendant's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like."); *United States v. Jordan*, 2023 U.S. Dist. LEXIS 112765, at *6-7 (N.D. Ohio June 29, 2023) (felon-in-possession prohibition lawful where priors included aggravated robbery, drug possession, escape, drug trafficking, and possessing a weapon under disability); *United States v. Taylor*, 2023 U.S. Dist. LEXIS 161805, at *7 (N.D. Ohio Sept. 12, 2023) (as-applied challenge to Section 922(g)(1) failed where defendant's priors included aggravated robbery, having weapons under disability, and drug trafficking).

Accordingly, Section 922(g)(1), as applied to Miller, does not violate the Second Amendment.

### III.  Conclusion

For the foregoing reasons, Miller's motion to have this Court declare that Section 922(g)(1) is unconstitutional as applied to him is DENIED.

IT IS SO ORDERED.

**Date**: September 18, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE