UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:22-cr-645 |
| Plaintiffs, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| ANDREW MILLER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is the government's Motion to Continue the Trial (Doc. No. 55), and

Defendant's objection (Doc. No. 56).  For the reasons stated below, the motion is GRANTED.

## I.  Background

Miller has been charged with being a felon in possession of a firearm.  (Doc. No. 1.)

Trial is sent to begin on November 13, 2023.  (Doc. No. 38.)  In preparation for trial, the

government and defense counsel have timely submitted various trial documents, including voir

dire questions, proposed jury instructions, trial briefs, and motions *in limine*.  (*E.g.*, Doc. Nos.

43, 45, 54.)  The government has also produced exhibit and witness lists.  (Doc. Nos. 52-53.)

On November 7, 2023, the Court held an in-person pretrial conference to address the

pretrial and trial matters that Miller raised in a letter to the Court.  (11/7/2023 Minutes of

Proceedings.)  During that conference, Miller restated his desire to proceed to trial immediately.

At the end of the hearing, the government advised the Court, defense counsel, and the defendant

that it had just learned that the lead case agent, ATF SA Fabrizio, was suddenly unavailable due

to a family medical emergency that required him to leave the district.  The family emergency

involves an immediate family member.  The government stated that it was not moving to continue at that time, largely because it had only learned of the emergency a couple of hours prior and did not have enough information to assess whether a continuance of the trial would, in fact, be necessary, but that it may be filing such a motion.  The next morning, on November 8, 2023, the government filed a motion to continue the trial because the emergency that befell SA Fabrizio's family rendered him unavailable as a witness for trial during the week of November 13, 2023.  (Doc. No. 55 at PageID 280.)

Within hours of the government filing its motion to continue, Miller objected.  (Doc. No. 56.)

The current speedy trial clock expires on November 30, 2023.  (Doc. No. 38 at PageID 161.)

## II. Law and Analysis

As an initial matter, the government proposes a new trial date within the speedy trial period.  (Doc. No. 55 at PageID 282.)  Accordingly, an analysis of SA Fabrizio's status as an essential witness is not necessary for the Court to grant the motion and reschedule the trial for November 27, 2023.  Although the government's request does not necessitate an analysis of whether SA Fabrizio is an unavailable and essential witness, the Court will do so out of an abundance of caution.

The Speedy Trial Act contemplates that trials may necessarily be delayed for a period of time that results "from the absence or unavailability of . . . an essential witness."  18 U.S.C. § 3161(h)(3)(A).  An "essential witness shall be considered unavailable whenever his whereabouts are known but his presence cannot be obtained by due diligence."  18 U.S.C. § 3161(h)(3)(B).  The government must demonstrate its own due diligence to procure the witness.

The government supports its position that SA Fabrizio is an essential witness in three ways.  First, he was primarily responsible for working with the confidential informant who allegedly communicated with and purchased the firearm from Miller.  (Doc. No. 55 at PageID 280.)  Second, SA Fabrizio was present for and monitored the purported communications between the confidential informant and Miller.  (*Id.*)  Third, SA Fabrizio was the individual who obtained surveillance video from the business where the alleged firearm sale occurred.  (*Id.*)

In a previous hearing, the government stated that the confidential informant would not be a government witness at trial.  (*See* 11/1/2023 Minutes of Proceedings.)  Based on the information stated in the government's motion to continue, the Court concludes that SA Fabrizio appears to be the only witness on certain matters.  (*See* Doc. No. 55 at PageID 280.)  For example, SA Fabrizio will be the only witness with personal knowledge about the law enforcement procedures he followed while working with the confidential informant.  (*See* Doc. No. 55 at PageID 280.)  SA Fabrizio's anticipated testimony will not be "cumulative" or of only "slight importance."  *Cain v. Smith*, 686 F.2d 374, 382 (6th Cir. 1982).

Having concluded that SA Fabrizio is an essential witness, the Court considers the reason for his unavailability.  It is not due to any failure or delay on the part of the government.  The only reason SA Fabrizio is unavailable is because of an emergency situation involving an immediate family member.  This satisfies the Court's inquiry as to whether there is a suitable basis to conclude SA Fabrizio is unavailable under Sections 3161(h)(3)(A) and (B).  *See United States v. Meyer*, 803 F.2d 246, 247-48 (6th Cir. 1986) (essential DEA agent witness unavailable because he was on a prepaid honeymoon).

The Court next considers whether the ends of justice are best served by granting a continuance.  It would be "unreasonable" to require SA Fabrizio to abandon his family during

this critical time.  *Id.* at 248.  It would also result in a manifest injustice to the government, which, as a party, must be given an opportunity to present its case.  Here, that case necessarily includes SA Fabrizio's testimony.

### III. Conclusion

For these reasons, the Court grants the government's motion to continue, excludes the time during which SA Fabrizio's family emergency renders him unavailable, and further finds that the ends of justice outweigh the public's and defendant's interest in a speedy trial, taking into account the exercise of due diligence, the need to effectively prepare for trial, and the potential for a miscarriage of justice.  18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(iv).

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
**Date**: November 9, 2023                    UNITED STATES DISTRICT JUDGE