UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:22-cr-645 |
| Plaintiff, ) | |
| ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. ) | |
| ) | |
| ANDREW MILLER, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

On November 17, 2022, defendant Andrew Miller was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 3.) Miller's present counsel is his third appointed counsel. The trial date is presently set for November 27, 2023, with the final pretrial having already been held on November 1, 2023. Shortly after the final pretrial, Miller sent a letter to the court raising several concerns about the proceedings. A pretrial conference was held on November 7, 2023, where Miller and his counsel discussed certain pretrial proceedings, filings, and motions. During the hearing, Miller expressed confidence in his current counsel.

During the November 7 pretrial conference, the Court also heard testimony from Supervisory Deputy U.S. Marshal Crossman about Miller's behavior at various hearings. Miller's behavior included refusing to come to the courtroom, exposing himself, threatening USMS staff and deputies, stating that he would flip out in court, and passively resisting transport. The Court added its own observation of a June 2023 hearing in which Miller jumped out of his seat and exposed his torso. The Court found that there was a sufficient need to ensure the safety of others and ordered that Miller wear ankle restraints during trial.

At the end of the hearing, in open court, Miller advised his counsel that he was receiving mental health treatment.  Defense counsel stated that he had not previously been made aware of Miller's mental health treatment.  Defense counsel informed the Court that he would investigate Miller's mental health status and file a motion if necessary.

Now before this Court is defense counsel's motion for a court-ordered psychiatric or psychological examination of the defendant to determine his competency, pursuant to Title 18, United States Code, Section 4241.  (Doc. No. 58.)  Also before the Court is a supplemental filing indicating that Miller "agreed and needs that review and referral." (Doc. No. 59.)  The government indicated that it did not oppose the motion.  (Doc. No. 61.)

On November 20, 2023, a hearing was held on this motion.  Defense counsel restated his concern that Miller could not effectively assist in his own defense.  Defense counsel and government counsel informed the Court that Miller's federal arrest records reference an earlier mental health evaluation and/or concern.  No additional information was available to either counsel.  Defense counsel also noted that Miller changes his position frequently and does not appear to make decisions that are in Miller's best interest.  Both counsel directed the Court to Miller's out-of-court behavior as additional evidence that Miller may presently be suffering from a defect that would interfere with his ability to understand the proceedings and aid counsel in his defense.

Miller addressed the Court directly.  Miller stated that he no longer agreed to an evaluation.  Miller further informed the Court that he began taking medication for a mental health condition three weeks ago.  He has not been evaluated since.  Miller stated that the medication is intended to calm him down.  Miller further stated that he blacks out when he is upset, which leads to memory loss.  Upon hearing that the Court would grant the motion for the

evaluation, Miller got out of his seat, turned his back on the Court, and refused to sit down. He stated that he feared for his life. Miller also stated that he wanted to proceed *pro se*.

Based on the representations of counsel, the mental health information available at this time, the Court's own observations, the testimony of SDUSMS Crossman, and Miller's statements and behavior in Court on November 20, 2023, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and assist properly in his defense. Thus, the Court finds the motion well-taken, and the motion is hereby GRANTED.

The Court hereby orders the defendant, Andrew Miller, to undergo a psychiatric and/or psychological examination to determine his mental competence, pursuant to Title 18, United States Code, Section 4241 and Sections 4247(b) and (c).

The Court further orders that the defendant be committed to the custody of the Attorney General of the United States for the purpose of performing such evaluations for a reasonable period not to exceed thirty (30) days from the date of the defendant's arrival at the medical facility. Upon a request for an extension made by the director of such a facility, the Court will consider granting the facility an additional fifteen (15) days for such evaluations in accordance with Section 4247(b). The defendant shall be evaluated at a suitable Federal Medical Center closest to the Court.

The Court further orders that, following the conclusion of the competency evaluation, and in accordance with Section 4247(c), a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological evaluations, and the report shall be filed with the Court and copies provided to the attorney for the defendant and the

attorney for the government.  In addition to any information that may assist the Court, the report shall include the information described in Sections 4247(c)(1)-(4)(A).

**IT IS SO ORDERED.**

Date: November 21, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE